DECIDED JUNE 29, 1938.

*C. D. McCutchen,* for plaintiff in error. *C. H. Dalton,* contra.

26917. KRASNER *v.* WESTERN NEWSPAPER UNION.

FELTON, J. 1. Where a contract for 3000 directories provided that half of the purchase-price would be paid in advance, $500 would be paid upon the delivery of the first 500 directories, and $950 paid upon the delivery of the second 500 directories, a delivery of the directories would not have to be made unless the payments provided in the contract were made contemporaneously therewith, the contract providing in effect "cash on delivery." In such a contract, where a surety thereon agreed to guarantee the balance remaining due on the contract upon the completion of the delivery of the second 500 directories, and that should his principal fail to comply with the stipulations of the contract the surety would pay the balance due, upon the failure of the principal to pay for the books when they were offered to him the surety became liable on the contract.

2. Where the surety instructed the attorney for the manufacturer of the directories to consult with and carry on all transactions with his son, an officer of the principal corporation, and these transactions delayed the effort to enforce the collection of the balance due, the surety can not complain that there was a novation, and that his risk was so increased as to release him. There appears in the record no extension of time based on a valuable consideration; and an instruction by the principal to the manufacturer to make an effort to sell the books that the principal could not pay for, and credit the proceeds on the amount due, would not amount to a novation of the original contract.

3. The evidence demanded a verdict for the plaintiff; and if there were any errors in the charge of the court, they were immaterial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

DECIDED JUNE 29, 1938.

*J. Leroy Finch, David W. Krasner, Frank A. Bowers,* for plaintiff in error.
*D. J. Meyerhardt,* contra.